IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARTHA A. LOVELACE                                                     PLAINTIFF

v.                      CIVIL NO. 07-2110

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Martha A. Lovelace brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed her application for SSI on May 23, 2005, alleging an inability to work since May 16, 2005, due to heart and thyroid problems, no cartilage in her knees, fatigue, sleep apnea and anxiety problems. (Tr. 51, 124). An administrative hearing was held on January 31, 2007, at which plaintiff, represented by counsel, appeared and testified. (Tr. 299-333).

By written decision dated May 7, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing

of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and carry fifty pounds occasionally, twenty-five pounds frequently; to sit six hours in an eight-hour work day; and to stand and/or walk six hours in an eight-hour work day. The ALJ determined plaintiff could perform work which does not require the climbing of scaffolds, ladders, or ropes or exposure to unprotected heights or dangerous equipment due to dizziness. The ALJ further found plaintiff was limited to non-complex work requiring no more than simple and routine instructions with few variables, little judgment or incidental contact with the public and co-workers, which can be learned by rote memory and allows concrete/direct/specific supervision. With the help of a vocational expert, the ALJ determined plaintiff could perform other work as an assembly worker. (Tr. 22).

Plaintiff then requested a review of the hearing by the Appeals Council, which after reviewing the additional medical evidence submitted by plaintiff, denied the request. (Tr. 4-7). Subsequently, plaintiff filed this action on October 5, 2007. (Doc. No. 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. No. 6,8).

**II.      Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

2

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

3

economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III.   Discussion:

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). A thorough review of the evidence of record fails to reveal a RFC assessment completed by a medical professional to support the ALJ's determination.

A review of the record reveals, after examining plaintiff on July 22, 2005, Dr. Gordon W. McGraw,[1] an examining medical consultant, diagnosed plaintiff with anxiety/depression and DGA[2] and found plaintiff had mild limitations with her ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak. It appears the ALJ used Dr. McGraw's finding of mild limitations and Dr. Alice Davidson's, a non-examining medical consultant, July 25, 2005, findings that plaintiff did not have a severe impairment to equate to medium work. (Tr. 176-178).

---

[1] Plaintiff's pre-hearing memorandum to the ALJ reports plaintiff went to see Dr. Gordon W. McGraw on July 22, 2005. (Tr. 127). The court notes the actual signature on the report is not legible; however, plaintiff went to see the examiner and the court sees no reason to find plaintiff's pre-hearing memorandum to be inaccurate. (Tr. 176). Plaintiff does allege in her appeal brief that the consultative examiner is unknown but as just stated plaintiff reports the name of the examiner in her pre-hearing memorandum.

[2] The court notes that neither the ALJ nor plaintiff's counsel were able to determine what this diagnosis stood for or what limitations it might impose. (Tr. 312-313).

4

We are troubled however because on March 3, 2006, Dr. Steve Owens, a non-examining medical consultant, indicated that a General Physical Examination, an EKG and x-rays of plaintiff's wrist and knees were needed. (Tr. 179). Since there is no RFC assessment completed by a medical professional and because there is medical evidence to establish plaintiff has sought treatment for bilateral knee pain we believe remand is necessary to allow the ALJ to more fully and fairly develop the record. *Strongson v. Barnhart,* 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

After reviewing the entire evidence of record, we find remand is also necessary in order for the ALJ to more fully and fairly develop the record with regard to plaintiff's fatigue and weakness during the relevant time period. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Dr. John R. Williams--asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

AO72A
(Rev. 8/82)

**IV. Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of July 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**