IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


MARTHA A. LOVELACE                                             PLAINTIFF

    v.                        CIVIL NO. 07-2110

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                 DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Martha A. Lovelace  appealed the Commissioner's denial of benefits to this court. On July 31, 2008, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10).  Plaintiff now moves for an award of $4, 496.62 in attorney fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 28.65 attorney hours of work before the court at an hourly rate of $156.00, and $27.22 in expenses.  (Doc. 11-12).  Defendant has filed a response, objecting to both the hourly rate and certain hours requested. (Doc. 13).  Plaintiff replied on November 6, 2008.  (Doc. 14).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.   The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party

AO72A
(Rev. 8/82)

in this matter.

An award of attorney fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's

services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*,* quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989)*.*  The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour.  *See* 28 U.S.C. § 2 412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $156.00 for the 28.65 hours which she asserts she devoted to the representation of plaintiff in this court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart,* 461 U.S. at 437.

Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory

AO72A
(Rev. 8/82)

rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit (Doc. 11) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes her argument for enhanced fees based on a cost of living increase has merit.

The Commissioner has raised an objection to the hourly rate requested. We find that an award based upon an hourly rate of $156.00 per hour, reflecting an increase in the cost of living, is appropriate.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks a total of 3.30 hours of work from September 16, 2007, through October 2, 2007. The Complaint was filed in this court until October 3, 2007. (Doc. 3). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours. Accordingly, 1.30 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.10 hour on October 5, 2007 (receipt/review NEF providing

AO72A
(Rev. 8/82)

file stamped copy of IFP and Complaint), from which we deduct 0.10 hour; 0.10 hour on October 6, 2007 (receipt/review file stamped complaint, IFP, Summons and Civil Cover Sheet), from which we deduct 0.10 hour; 0.60 hour on October 16, 2007 (preparation of correspondence to accompany complaint and original summons to 3 defendant's by certified mail), from which we deduct 0.60 hour; and 0.10 hour on January 11, 2008 (receipt/review NEF appeal brief), from which we deduct 0.10 hour.  This time cannot be compensated under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA).  Accordingly, 0.90 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.30 hour on December 11, 2007, to review the one paragraph order setting out brief deadlines, and 0.40 hour on July 31, 2008, to review a two paragraph Judgment adopting the Report and Recommendation.  We find the time requested for an attorney experienced in handling social security cases to review these documents to be excessive and deduct 0.20 hour and 0.30 hour, respectively.

Plaintiff's counsel seeks a total of 21.45 hours on December 11, 2007, December 13, 2007, through December 25, 2007, and December 26, 2007, though January 11, 2008, for reviewing the transcript, researching and writing plaintiff's appeal brief.  The court notes there were no unique or complex issues to be developed in this particular case.  Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law and we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 14.00 hours.

AO72A
(Rev. 8/82)

Finally, counsel seeks reimbursement for $27.22 in expenses incurred with regard to postage. Such expenses are recoverable under the EAJA and we find $27.22 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 18.50 (28.65-10.15) attorney hours, at the rate of $156.00 per hour, and for $27.22 in expenses, for a total attorney's fee award of $2,913.22. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. Further, this award should be paid directly to plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 19th day of November 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)